# EXHIBIT A

 ORIGINAL 

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Superior Court of California
County of Los Angeles

OCT 23 2017

Sherri R. Carter, Executive Officer/Clerk
By [signature] Deputy
Nancy Alvarez

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
FITNESS CLUB MANAGEMENT, LLC, a California limited liability company; HARMAN FITNESS, LLC, a California limited liability company; VAN NUYS FITNESS, LLC, a California lilmited liability company; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
MARITZA CASTRELLON, individually and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

RECEIVED
OCT 23 2017
FILING WINDOW

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, California 90012

CASE NUMBER:
*(Número del Caso):*
BC 680851

BY FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAURIGUE LAW GROUP, Michael J. Jaurigue (SBN 208123), 300 West Glenoaks Boulevard, Suite 300, Glendale, California [illegible]
telephone (818) 630-7280

DATE: October 23, 2017 OCT 23 2017
*(Fecha)*

SHERRI R. CARTER Clerk, by *(Secretario)* ______________________, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL] COUNTY OF LOS ANGELES

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Exhibit A
Page 6

ORIGINAL

Michael J. Jaurigue (SBN 208123)
michael@jlglawyers.com
Abigail A. Zelenski (SBN 228610)
abigail@jlglawyers.com
David Zelenski (SBN 231768)
david@jlglawyers.com
JAURIGUE LAW GROUP
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: 818.630.7280
Facsimile: 888.879.1697

Joseph M. Hekmat (SBN 265229)
jhekmat@hekmatlaw.com
HEKMAT LAW GROUP
11111 Santa Monica Boulevard, Suite 1700
Los Angeles, California 90025
Telephone: 424.888.0848
Facsimile: 424.270.0242

*Attorneys for Plaintiff Maritza Castrellon*

FILED
Superior Court of California
County of Los Angeles

OCT 23 2017

Sherri R. Carter, Executive Officer/Clerk
By ______ Deputy
Nancy Alvarez

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**LOS ANGELES COUNTY**

BC 680851

MARITZA CASTRELLON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

FITNESS CLUB MANAGEMENT, LLC, a California limited liability company; HARMAN FITNESS, LLC, a California limited liability company; VAN NUYS FITNESS, LLC, a California limited liability company; and DOES 1 through 10, inclusive,

Defendants.

Case No.

**CLASS-ACTION COMPLAINT**

Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227

**DEMAND FOR JURY TRIAL**

BY FAX

10/24/2017

CIT/CASE: BC680851
LEA/DEF#:

RECEIPT #: CCH451233052
DATE PAID: 10/24/17 10:58 AM
PAYMENT: $1,435.00 310
RECEIVED:

| | |
|---|---|
| CHECK: | $1,435.00 |
| CASH: | $0.00 |
| CHANGE: | $0.00 |
| CARD: | $0.00 |

10/24/2017

***INTRODUCTION***

1. Plaintiff Maritza Castrellon brings this class action on behalf of herself and all others similarly situated against Defendants Fitness Club Management, LLC ("Fitness Club"), a California limited liability company; Harman Fitness, LLC, a California limited liability company ("Harman Fitness"); Van Nuys Fitness, LLC, a California limited liability company ("Van Nuys Fitness"); and Does 1 through 10, inclusive, pursuant to section 382 of the California Code of Civil Procedure.

2. As alleged below, Defendants have violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, through their unauthorized contact of consumers on the consumers' respective cellular telephones. Specifically, Defendants have violated the TCPA by sending unsolicited text messages without prior express written consent, invading the consumers' right to privacy.

3. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and Class Members are entitled to, *inter alia*, statutory damages and injunctive relief for Defendants' violations.

***JURISDICTION AND VENUE***

4. ***Jurisdiction***. Federal and state courts have concurrent jurisdiction over suits arising under the TCPA. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012). This Court therefore has subject-matter jurisdiction over Plaintiff's cause of action. Furthermore, this Court has personal jurisdiction over Defendants because, as alleged below, they have purposefully availed themselves of the resources and protections of California, and conduct business and have systematic contacts within the County of Los Angeles, State of California.

5. ***Venue***. As alleged more particularly below, venue is proper in the County of Los Angeles in accordance with section 395(a) of the California Code of Civil Procedure because the events, omissions, or injuries giving rise to Plaintiff's cause of action against Defendants occurred within the County of Los Angeles, State of California.

***PARTIES***

6. Plaintiff is, and at all times relevant to this action was, a California resident of the County of Los Angeles. She is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

7. Plaintiff is informed and believes, and based thereon alleges, that Defendant Fitness Club

10/24/2017

is a California limited liability company with a principal place of business located at 19867 Prairie Street, Suite 200, Chatsworth, California 91311. Plaintiff is further informed and believes, and based thereon alleges, that Fitness Club is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

8. Plaintiff is informed and believes, and based thereon alleges, that Defendant Harman Fitness is a California limited liability company with a principal place of business located at 18566 Clydesdale Road, Granada Hills, California 91344. Plaintiff is further informed and believes, and based thereon alleges, that Harman Fitness is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

9. Plaintiff is informed and believes, and based thereon alleges, that Defendant Van Nuys Fitness is a California limited liability company with its principal place of business located at 19867 Prairie Street, Suite 200, Chatsworth, California 91311. Plaintiff is further informed and believes, and based thereon alleges, that Van Nuys Fitness is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

10. Plaintiff is ignorant of the true names and capacities of Defendants Does 1 through 10, and she therefore sues them under those fictitious names pursuant to section 474 of the Code of Civil Procedure. Plaintiff is informed and believes, and based thereon alleges, that each of the acts and omissions alleged herein was performed by, or is attributable to, Harman Fitness, Van Nuys Fitness, and Does 1 through 10, with each acting as the agent for the others, with each having the legal authority to act on the others' behalves, and with each ratifying every act or omission complained of herein. Plaintiff is further informed and believes, and based thereon alleges, that each Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts and omissions of the other Defendants in proximately causing the damages alleged. Similarly, Plaintiff is informed and believes, and based thereon alleges, that the acts and omissions of each Defendant were in accordance with, and represent, the official policy and practice of all Defendants. Plaintiff will amend the Complaint to allege the true names and capacities of Does 1 through 10 when such names and capacities have been ascertained.

///

11/21/2017

*GENERAL ALLEGATIONS*

11. Plaintiff is informed and believes, and based thereon alleges, that Fitness Club, Harman Fitness, and Van Nuys Fitness jointly operate, manage, and own a fitness gym located in Van Nuys, California that is licensed to use the "Crunch Fitness" brand. Plaintiff is further informed and believes, and based thereon alleges, that Fitness Club and Harman Fitness also jointly operate, manage, and own other gyms located in the United States that likewise are licensed to use the Crunch Fitness brand.

12. Plaintiff is informed and believes, and based thereon alleges, that all of the Crunch Fitness gyms operated, managed, and owned by Defendants require consumers to become members in order to use the facilities. At no time was Plaintiff ever a member of any Crunch Fitness gym.

13. On or about June 28, 2017, Plaintiff received the following unsolicited text message from Defendants:

> Hey its Heather @Crunch Van Nuys! Our Sneak Peak party is this Sat 7/1 @10a! Raffle prizes, music, food with awesome specials! Please RSVP. Can you make it?

Plaintiff did not respond to this text message.

14. On or about July 1, 2017, Plaintiff received another unsolicited text from Defendants, this time stating:

> Hi! Last chance to stop by our Crunch Fitness Van Nuys Sneak Peek party today & get pre-opening rates. A ton of raffle prizes, music & food! Can you make it?

Plaintiff did not respond to this text message.

15. On or about July 10, 2017, Plaintiff received a third unsolicited text message from Defendants, stating:

> Hi its Heather at Crunch Fitness! Come see us this Thursday the 13th for awesome enrollment specials & dues as low as $9.95 per month! Can you make it?

Plaintiff responded to this message by texting back, "Stop texting!"

16. On or about July 13, 2017, Plaintiff received a fourth unsolicited text message from Defendants, stating:

> Hey its Heather at Crunch Fitness! Come see us today for incredible enrollment specials and dues as low as $9.95 per month! Can you make it?

10/24/2017

Plaintiff responded to this text as well, texting back, "Stop textin!"

17. As is apparent from the content of the four above-alleged text messages, the messages were sent without an emergency purpose; instead, they promote the purchase of Crunch Fitness memberships.

18. Again, at no time was Plaintiff ever a member of any Crunch Fitness gym; indeed, Plaintiff had never even visited any Crunch Fitness gym location. In any event, Plaintiff never gave any signed authorization to anyone expressly permitting Defendants, or anyone acting on any of their respective behalves, to use her cellular-telephone number for telemarketing or advertising purposes.

19. Plaintiff's cellular-telephone number is linked to a subscription plan under which she is charged each month for cellular-telephone and data services.

20. Plaintiff is informed and believes, and based thereon alleges, that the text messages referenced in paragraphs 13 through 16 were sent by Defendants, and that Defendants controlled and were responsible for both the content and delivery of the messages; alternatively, the messages were sent by at least one of the Defendants acting at the direction of the other Defendants to send the messages or to conduct promotional activities, with the other Defendants' full knowledge and consent, and to the benefit of all Defendants.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendants had a policy and practice of soliciting the telephone numbers of non-members from current Crunch Fitness gym members; that her cellular-telephone—along with thousands of other cellular telephone numbers from non-members—was entered into, and stored in, a database maintained by Defendants; and that Defendants sent her the above-alleged text messages by accessing that database through the use of equipment capable of dialing the numbers that had been entered into, and stored in, that database.

22. Plaintiff is informed and believes, and based thereon alleges, that Defendants, working together pursuant to the arrangement alleged in paragraphs 20 and 21, sent the above-referenced text messages, as well as thousands of similar text messages, *en masse* to the cellular telephones of non-members using the equipment referenced in paragraph 21. In addition, Plaintiff is informed and believes, and based thereon alleges, that all of the above-alleged text messages that Plaintiff received—which do not identify any specific recipient by name and which are impersonal in nature—were

11/24/2017

simultaneously transmitted to thousands of non-members. Plaintiff is further informed and believes, and based thereon alleges, that these text messages were sent even though Defendants had never obtained signed authorizations from any non-members expressly permitting the transmission of advertising or telemarketing messages.

***CLASS-ACTION ALLEGATIONS***

23. Plaintiff seeks to represent the following Classes under section 382 of the Code of Civil Procedure:

> ***Class 1:*** All persons throughout the United States who were not members of a Crunch Fitness gym and who, since October 24, 2013, received at least one text message transmitted by, or on behalf of, any of the Defendants on their cellular telephones.
>
> ***Class 2 (Sub-Class):*** All persons throughout the United States who were not members of a Crunch Fitness gym and who, since October 24, 2013, received at least one text message transmitted by, or on behalf of, any of the Defendants on their cellular telephones concerning the Crunch Fitness gym located in Van Nuys, California.

24. Plaintiff reserves the right to amend or modify the proposed Classes, or to propose subclasses or limitations to particular issues, in response to facts later ascertained.

25. ***Numerosity***. The identities of Class Members may be ascertained from Defendants' own business and marketing records, as well as the records of Defendants' telephone provider(s). Joinder of all Class Members would be impracticable due to the sizeable number of such Members and their likely lack of resources to initiate individual claims. Plaintiff estimates that thousands of text messages were sent to well-over the forty individuals required for numerosity purposes. Also, as explained below, the amount that is owed to any given Class Member under the TCPA is relatively small, making it impractical for them to bring their own individual suits.

26. ***Commonality***. There are questions of law and fact that are common to the Classes that predominate over any questions affecting only individual Class Members. These common questions include, without limitation:

a) Whether the text messages constitute telemarketing or advertising within the meaning of the TCPA and its regulations;

b) Whether the equipment used to send the text messages constitutes an automatic telephone dialing system within the meaning of the TCPA and its regulations;

10/27/2017

c) Whether prior express written consent was required under the TCPA before sending any of the text messages; and

d) Whether the outright failure to obtain prior express written consent to receive the messages constitutes willful and knowing behavior within the meaning of the TCPA and its regulations.

27. ***Typicality***. Plaintiff's claims are typical of those of the Classes because she received at least one telemarketing or advertising text message concerning the Crunch Fitness gym located in Van Nuys, California on or after October 16, 2013; she never provided prior express written consent to receive any such messages; and the message was sent using the same equipment used to send text messages to all Class Members on their respective cellular telephones.

28. ***Adequacy***. Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff is not aware of any conflicts with Class Members, and she plans on pursuing the litigation vigorously. She also has the same interests as those of the Classes, and has retained counsel who are competent and experienced in class-action litigation. In addition, Plaintiff has been actively involved in the litigation, she will continue to participate and be available for the duration of the litigation, and she understand the duties that she holds to the Classes.

29. ***Superiority***. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Again, the individual joinder of all Class Members is impracticable because of the relatively small recovery amounts at stake and the relative lack of resources available for individual Class Members vis-à-vis the large corporate Defendants. Additionally, the judicial system would be burdened with multiple trials of the same issues, and the potential for inconsistent or contradictory judgments would increase. The common questions detailed above, in fact, predominate in this action, as Class Members' claims arise out of the same course of conduct to which Plaintiff herself was subject. A class action therefore would conserve the resources of the parties and the Court while protecting the rights of Class Members. Defendants' conduct as described above is unlawful, continuing, capable of repetition, and will continue unless restrained and enjoined by the Court. Moreover, it is a matter of public interest to obtain definitive answers to the legality of Defendants' actions in a single case.

///

11/21/2017

***FIRST CAUSE OF ACTION***

*Violation of the TCPA*

*47 U.S.C. § 227*

30. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

31. The United States Congress enacted the TCPA in order to balance individual privacy rights with legitimate telemarketing practices. In enacting this statute, Congress found:

> (1) The use of the telephone to market goods and services to the home and other businesses is now pervasive due to the increased use of cost-effective telemarketing techniques.
>
> . . . .
>
> (10) Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> (11) Technologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.
>
> (12) Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

TCPA of 1991, PL 102–243, December 20, 1991, 105 Stat 2394.

32. The TCPA specifically prohibits automated calls or messages to consumers' cellular-telephone numbers without first obtaining the express consent or permission of the consumers:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States[,] (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1). A text message is a "call" within the meaning of the TCPA. E.g., Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009).

10/24/2017

33. Under the relevant regulation, effective October 16, 2013, "prior express consent" as used in subsection (b)(1)(A)(iii) of the TCPA means "prior express *written* consent" for all

telemarketing or advertising messages. 47 C.F.R. § 64.1200(a)(2) (emphasis supplied). Such consent must be signed by the consumer; disclose that the consumer authorizes the entity on whose behalf the message is sent to deliver, or cause to be delivered, telemarketing messages by way of an automatic telephone dialing system; and disclose that the consumer is not required to provide consent as a condition of purchasing any goods or services. Id. § 64.1200(f)(8).

34. The foregoing acts and omissions of Defendants constitute a direct violation of the TCPA. Defendants were and are aware of the TCPA and its requirements, and, on information and belief, intentionally violated the law in an effort to maximize the reach of their program. Defendants' violations therefore were willful.

35. The TCPA establishes a private right of action for sending unauthorized messages to consumers:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3). Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each and every text message that they received. Moreover, because Defendants willfully and knowingly violated the TCPA as alleged above, Plaintiff and Class Members are entitled to treble damages. Finally, pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff and Class Members are entitled to injunctive relief.

***PRAYER FOR RELIEF***

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. An order certifying the Classes under California Code of Civil Procedure section 382;

2. Judgment in favor of Plaintiff and Class Members for the period of time since October 16, 2013, for statutory treble damages against Defendants, as well as for injunctive relief;

3. An award of pre-judgment and post-judgment interest, to the extent allowable by law;

4. An award of attorney's fees and costs of suit, to the extent allowable by law; and

10/24/2017

5. Such further relief as the Court deems fit and proper.

Dated: October 23, 2017

JAURIGUE LAW GROUP
HEKMAT LAW GROUP

Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
Joseph M. Hekmat
*Attorneys for Plaintiff*

***DEMAND FOR JURY TRIAL***

Plaintiffs request a trial by jury as to all claims for relief.

Dated: October 23, 2017

JAURIGUE LAW GROUP
HEKMAT LAW GROUP

Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
Joseph M. Hekmat
*Attorneys for Plaintiff*

10/24/2017

308

NC

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>Michael Jaurigue SBN 208123<br>Jaurigue Law Group<br>300 W Glenoaks Blvd 300<br>Glendale CA 91202<br>(818) 630-7280<br>ATTORNEY FOR Plaintiff | FOR COURT USE ONLY<br>FILED<br>Superior Court of California<br>County of Los Angeles<br>NOV 21 2017<br>Sherri R. Carter, Executive Officer/Clerk<br>By Rita Nazaryan, Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>111 N Hill St.<br>Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER: Maritza Castrellon<br>DEFENDANT/RESPONDENT: Fitness Club Management, LLC | CASE NUMBER:<br>BC680851 |
| Proof of Service of Summons | |

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

Summons
Class-Action Complaint
Civil Case Cover Sheet
Civil Case Cover Sheet Addendum and Statement of Location
Notice of Case Assignment
Voluntary Efficient Litigation Stipulations

3a. Party Served:

VAN NUYS FITNESS, LLC, a California limited liability company
By Serving Curtis Harman , Agent for Service

4. Address where the party was served:

19867 Prairie St Ste 200
Chatsworth, CA 91311

5. I served the party:

b. By substituted service. On: 11/9/2017 at: 10:10 AM I left the documents listed in item 2 with or in the presence of:

Greg Malcomian
CFO

Gender: M AGE: 34 Height: 6'2" Weight: 180 Race: Cauc Hair: brown Other:

(1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

CONTINUED ON NEXT PAGE

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. January 1, 2007]
Billing Code: Crunch

Proof of Service of Summons

Code of Civil Procedure, §417.10

Invoice No: 1794031-03

14:33:11 2017-11-21

Exhibit A
Page 18

| PLAINTIFF/PETITIONER: Maritza Castrellon | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Fitness Club Management, LLC | BC680851 |

(4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

d. on behalf of:

VAN NUYS FITNESS, LLC, a California limited liability company

under the following Code of Civil Procedure section:

416.40 (association or partnership)

7. Person who served papers
a. Name: James Figueroa
b. Address: 1545 Wilshire Blvd, Suite 311, Los Angeles, CA 90017
c. Telephone number: 213-628-6338
d. The fee for this service was: 82.03
e. I am:
(3) [X] a registered California process server:
(i) [X] Independent Contractor
(ii) Registration No.: 3204 Expires: 5/12/2018
(iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

11/16/2017

James Figueroa

>

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. January 1, 2007]

Billing Code: Crunch

**Proof of Service of Summons**

Code of Civil Procedure, §417.10

Invoice No: 1794031-03

14:33:11 2017-11-21

Exhibit A
Page 19

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) Michael Jaurigue SBN 208123 Jaurigue Law Group 300 W Glenoaks Blvd 300 Glendale CA 91202 ATTORNEY FOR Plaintiff | | TELEPHONE NUMBER (818) 630-7280 Ref. No. or File No. Crunch | | FOR COURT USE ONLY |
|---|---|---|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES 111 N Hill St. Los Angeles, CA 90012 | | | | |
| SHORT TITLE OF CASE: Castrellon, Maritza v. Fitness Club Management, LLC | | | | |
| INVOICE NO. 1794031-03 | DATE: | TIME: | DEP./DIV. | CASE NUMBER: BC680851 |

**BY FAX**

Proof of Service by Mail

I am a citizen of the United States and employed in the County of Los Angeles State of California. I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action.

On 11/13/2017 after substituted service under section C.C.P. 415.20(a), 415.20(b), or 415.95(a) was made, I served the within:

Summons; Class-Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; Voluntary Efficient Litigation Stipulations;

On the defendant, in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon pre-paid for first class in the United States mail At: Los Angeles, California, addressed as follows:

VAN NUYS FITNESS, LLC, a California limited liability company
Curtis Harman , Agent for Service
19867 Prairie St Ste 200
Chatsworth, CA 91311

Declarant:
a. Name: Margarita Abeshyan
b. Address: 1545 Wilshire Blvd. Suite 311, Los Angeles, CA 90017
c. Telephone number: 213-628-6338
d. The fee for this service was: 82.03
e. I am:
(3) [X] a registered California process server:
(i) [X] Employee
(ii) Registration No.: 140/6700
(iii) County: Los Angeles

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

11/14/2017
Margarita Abeshyan >

Billing Code: Crunch

Proof of Service by Mail Agent

14:33:11 2017-11-21

***PROOF OF SERVICE***

I am employed in the County of Los Angeles; I am over the age of eighteen years and am not a party to the within action; and my business address is 300 West Glenoaks Boulevard, Suite 300, Glendale, California 91202.

On **November 21, 2017,** I served the document(s) described as **PROOF OF SERVICE OF SUMMONS AND COMPLAINT** on the party(ies) in this action by delivering a true copy(ies) addressed as follows:

FITNESS CLUB MANAGEMENT, LLC
Attn: Curtis Harman, Agent for Service
18566 Clydesdale Rd
Granada Hills, CA 91344

HARMAN FITNESS, LLC
Attn: Curtis Harman, Agent for Service
18566 Clydesdale Rd
Granada Hills, CA 91344

VAN NUYS FITNESS, LLC
Attn: Curtis Harman, Agent for Service
19867 Prairie St., Suite 200
Chatsworth, CA 91311

XXX **BY U.S. MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, an envelope(s) containing the document(s) would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Glendale, California in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal-cancellation date or postage-meter date is more than one day after the date of deposit for mailing.

☐ **BY OVERNIGHT DELIVERY OR EXPRESS MAIL:** I enclosed the document(s) in an envelope(s) or package(s) allowed by an overnight-delivery carrier and/or by the U.S. Post Office for express mail, and addressed to the person(s) at the address(es) above. I placed the envelope(s) or package(s) for collection and overnight delivery or express mail at an office or a regularly utilized drop-box of the overnight-delivery carrier, or I dropped it off at the U.S. Post Office.

☐ **BY HAND DELIVERY:** I caused the document(s) to be delivered by hand to at least one of the individuals listed above.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed on **November 21, 2017,** at Glendale, California.

Estineh Megerdichian

ORIGINAL

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123), David Zelenski (SBN 231768)
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
TELEPHONE NO.: (818) 630-7280 FAX NO.: (888) 879-1697
ATTORNEY FOR (Name): Plaintiff Maritza Castrellon

FOR COURT USE ONLY

FILED
Superior Court of California
County of Los Angeles
OCT 23 2017
Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Castrellon v. Fitness Club Management, LLC et al.

## CIVIL CASE COVER SHEET

[✓] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] **Counter** [ ] **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC 680851 BY FAX
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [✓] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a.[✓] monetary b.[✓] nonmonetary; declaratory or injunctive relief c.[ ] punitive
4. Number of causes of action *(specify)*: 1--Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 23, 2017
David Zelenski
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit A
Page 22

 

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

 **ORIGINAL** 

| SHORT TITLE: Castrellon v. Fitness Club Management, LLC et al. | CASE NUMBER |
|---|---|

BY FAX

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

10/24/2

| SHORT TITLE: Castrellon v. Fitness Club Management, LLC et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☑ A6025 Other Non-Personal Injury/Property Damage tort | (1), 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Castrellon v. Fitness Club Management, LLC et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

10/24/21

| SHORT TITLE: Castrellon v. Fitness Club Management, LLC et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: Class-action case (no address required) |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: October 23, 2017

(SIGNATURE OF ATTORNEY/~~FILING PARTY~~)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

10/24/2017

308

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>Michael Jaurigue SBN 208123<br>Jaurigue Law Group<br>300 W Glenoaks Blvd 300<br>Glendale CA 91202<br>(818) 630-7280<br>ATTORNEY FOR Plaintiff | FOR COURT USE ONLY<br>NC<br>FILED<br>Superior Court of California<br>County of Los Angeles<br>NOV 28 2017<br>Sherri R. Carter, Executive Officer/Clerk<br>By [signature], Deputy<br>Rita Mnatsakanyan |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>111 N Hill St.<br>Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER: Maritza Castrellon<br>DEFENDANT/RESPONDENT: Fitness Club Management, LLC | CASE NUMBER:<br>BC680851 |
| Proof of Service of Summons | |

BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

Summons
Class-Action Complaint
Civil Case Cover Sheet
Civil Case Cover Sheet Addendum and Statement of Location
Notice of Case Assignment
Voluntary Efficient Litigation Stipulations

3a. Party Served:

HARMAN FITNESS, LLC, a California limited liability company

3b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):

Curtis Harman
Registered Agent

Gender: M AGE: 55 Height: 6' Weight: 235 Race: Cauc Hair: gray-black Other:

4. Address where the party was served:

18566 Clydesdale Rd
Granada Hills, CA 91344

5. I served the party:

a. By personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party.

CONTINUED ON NEXT PAGE

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. January 1, 2007]

Proof of Service of Summons

Code of Civil Procedure, §417.10

Billing Code: Crunch

Invoice No: 1794031-02

14:20:36 2017-11-28

Exhibit A
Page 28

| PLAINTIFF/PETITIONER: Maritza Castrellon<br>DEFENDANT/RESPONDENT: Fitness Club Management, LLC | CASE NUMBER:<br>BC680851 |
|---|---|

(1) on: 11/16/2017 (2) at: 09:20 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

d. on behalf of: HARMAN FITNESS, LLC, a California limited liability company

under the following Code of Civil Procedure section:

Other: Corp. Code 17701.16

7. Person who served papers
   a. Name: David Kern
   b. Address: 1545 Wilshire Blvd. Suite 311, Los Angeles, CA 90017
   c. Telephone number: 213-628-6338
   d. The fee for this service was: 35.00
   e. I am:
   (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: 2013212734 Expires: 10/4/2019
      (iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

11/27/2017

David Kern

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. January 1, 2007]

Billing Code: Crunch

Proof of Service of Summons

Code of Civil Procedure, §417.10

Invoice No: 1794031-02

14:20:36 2017-11-28

Exhibit A
Page 29

***PROOF OF SERVICE***

I am employed in the County of Los Angeles; I am over the age of eighteen years and am not a party to the within action; and my business address is 300 West Glenoaks Boulevard, Suite 300, Glendale, California 91202.

On **November 28, 2017,** I served the document(s) described as **PROOF OF SERVICE OF SUMMONS AND COMPLAINT** on the party(ies) in this action by delivering a true copy(ies) addressed as follows:

FITNESS CLUB MANAGEMENT, LLC
Attn: Curtis Harman, Agent for Service
18566 Clydesdale Rd
Granada Hills, CA 91344

HARMAN FITNESS, LLC
Attn: Curtis Harman, Agent for Service
18566 Clydesdale Rd
Granada Hills, CA 91344

VAN NUYS FITNESS, LLC
Attn: Curtis Harman, Agent for Service
19867 Prairie St., Suite 200
Chatsworth, CA 91311

XXX **BY U.S. MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, an envelope(s) containing the document(s) would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Glendale, California in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal-cancellation date or postage-meter date is more than one day after the date of deposit for mailing.

☐ **BY OVERNIGHT DELIVERY OR EXPRESS MAIL:** I enclosed the document(s) in an envelope(s) or package(s) allowed by an overnight-delivery carrier and/or by the U.S. Post Office for express mail, and addressed to the person(s) at the address(es) above. I placed the envelope(s) or package(s) for collection and overnight delivery or express mail at an office or a regularly utilized drop-box of the overnight-delivery carrier, or I dropped it off at the U.S. Post Office.

☐ **BY HAND DELIVERY:** I caused the document(s) to be delivered by hand to at least one of the individuals listed above.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed on **November 28, 2017**, at Glendale, California.

Estineh Megerdichian

308

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>Michael Jaurigue SBN 208123<br>Jaurigue Law Group<br>300 W Glenoaks Blvd 300<br>Glendale CA 91202<br>(818) 630-7280<br>ATTORNEY FOR Plaintiff | FOR COURT USE ONLY<br>NC<br>FILED<br>Superior Court of California<br>County of Los Angeles<br>NOV 28 2017<br>Sherri R. Carter, Executive Officer/Clerk<br>By ____, Deputy<br>Rita Nazaryan |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>111 N Hill St.<br>Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER: Maritza Castrellon<br><br>DEFENDANT/RESPONDENT: Fitness Club Management, LLC | CASE NUMBER:<br>BC680851 |
| Proof of Service of Summons | |

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

Summons
Class-Action Complaint
Civil Case Cover Sheet
Civil Case Cover Sheet Addendum and Statement of Location
Notice of Case Assignment
Voluntary Efficient Litigation Stipulations

3a. Party Served:

FITNESS CLUB MANAGEMENT, LLC, a California limited liability company

3b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):

Curtis Harman
Registered Agent
Gender: M AGE: 55 Height: 6' Weight: 235 Race: Cauc Hair: gray - black Other:

4. Address where the party was served:

18566 Clydesdale Rd
Granada Hills, CA 91344

5. I served the party:
a. By personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive

CONTINUED ON NEXT PAGE

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. January 1, 2007]

Proof of Service of Summons

Code of Civil Procedure, §417.10

Billing Code: Crunch

Invoice No: 1794031-01

14:18:47 2017-11-28

Exhibit A
Page 31

| PLAINTIFF/PETITIONER: Maritza Castrellon | CASE NUMBER: BC680851 |
| --- | --- |
| DEFENDANT/RESPONDENT: Fitness Club Management, LLC | |

process for the party.

(1) on: 11/16/2017 (2) at: 09:20 AM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

d. on behalf of: FITNESS CLUB MANAGEMENT, LLC, a California limited liability company

under the following Code of Civil Procedure section:

Other: Corp. Code 17701.16

7. Person who served papers
   a. Name: David Kern
   b. Address: 1545 Wilshire Blvd. Suite 311, Los Angeles, CA 90017
   c. Telephone number: 213-628-6338
   d. The fee for this service was: 80.00
   e. I am:
   (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: 2013212734 Expires: 10/4/2019
      (iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

11/27/2017

David Kern

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. January 1, 2007]

Proof of Service of Summons

Code of Civil Procedure, §417.10

Billing Code: Crunch

Invoice No: 1794031-01

14:18:47 2017-11-28

Exhibit A
Page 32

***PROOF OF SERVICE***

I am employed in the County of Los Angeles; I am over the age of eighteen years and am not a party to the within action; and my business address is 300 West Glenoaks Boulevard, Suite 300, Glendale, California 91202.

On **November 28, 2017**, I served the document(s) described as **PROOF OF SERVICE OF SUMMONS AND COMPLAINT** on the party(ies) in this action by delivering a true copy(ies) addressed as follows:

FITNESS CLUB MANAGEMENT, LLC
Attn: Curtis Harman, Agent for Service
18566 Clydesdale Rd
Granada Hills, CA 91344

HARMAN FITNESS, LLC
Attn: Curtis Harman, Agent for Service
18566 Clydesdale Rd
Granada Hills, CA 91344

VAN NUYS FITNESS, LLC
Attn: Curtis Harman, Agent for Service
19867 Prairie St., Suite 200
Chatsworth, CA 91311

XXX **BY U.S. MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, an envelope(s) containing the document(s) would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Glendale, California in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal-cancellation date or postage-meter date is more than one day after the date of deposit for mailing.

☐ **BY OVERNIGHT DELIVERY OR EXPRESS MAIL:** I enclosed the document(s) in an envelope(s) or package(s) allowed by an overnight-delivery carrier and/or by the U.S. Post Office for express mail, and addressed to the person(s) at the address(es) above. I placed the envelope(s) or package(s) for collection and overnight delivery or express mail at an office or a regularly utilized drop-box of the overnight-delivery carrier, or I dropped it off at the U.S. Post Office.

☐ **BY HAND DELIVERY:** I caused the document(s) to be delivered by hand to at least one of the individuals listed above.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed on **November 28, 2017**, at Glendale, California.

Estineh Megerdichian