1    SHELDON EISENBERG (SBN 100626)
     sheldon.eisenberg@dbr.com
2    ZOE K. WILHELM (SBN 305932)
     zoe.wilhelm@dbr.com
3    MARSHALL L. BAKER (SBN 300987)
     marshall.baker@dbr.com
4    DRINKER BIDDLE & REATH LLP
     1800 Century Park East, Suite 1500
5    Los Angeles, California 90067-1517
     Telephone: 310-203-4000
6    Facsimile: 310-229-1285

7    MICHAEL J. STORTZ (SBN 139386)
     michael.stortz@dbr.com
8    DRINKER BIDDLE & REATH LLP
     50 Fremont Street, 20th Floor
9    San Francisco, California 94105-2235
     Telephone: 415-591-7500
10   Facsimile: 415-591-7510

11   Attorneys for Defendants

12   MICHAEL J. JAURIGUE (SBN 208123)       JOSEPH M. HEKMAT (SBN 265229)
     michael@jlglawyers.com                 jhekmat@hekmatlaw.com
13   ABIGAIL A. ZELENSKI (SBN 228610)       HEKMAT LAW GROUP
     abigail@jlglawyers.com                 11111 Santa Monica Blvd., Suite 1700
14   DAVID ZELENSKI (SBN 231768)            Los Angeles, California 90025
     david@jlglawyers.com                   Telephone: (424) 888-0848
15   JAURIGUE LAW GROUP                     Facsimile: (424) 270-0242
     300 West Glenoaks Boulevard, Suite 300
16   Glendale, California 91202
     Telephone: (818) 630-7280
17   Facsimile: (888) 879-1697

18   Attorneys for Plaintiff

19              UNITED STATES DISTRICT COURT

20              CENTRAL DISTRICT OF CALIFORNIA

21   MARITZA CASTRELLON,                    Case No. 2:17-CV-8825 SJO (Ex)
     individually and on behalf of all others
22   similarly situated,                    STIPULATED [~~PROPOSED~~]
                                            PROTECTIVE ORDER[1]
23              Plaintiff,

24        v.

25   FITNESS CLUB MANAGEMENT,
     LLC, et al.,
26              Defendants.

27

28   [1] This Stipulated Protective Order is substantially based on the model protective
     order provided under Magistrate Judge Gail J. Standish's Procedures.

1.   A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.   GOOD CAUSE STATEMENT

This action is likely to involve confidential, proprietary and private information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business and/or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that

1  nothing be so designated without a good faith belief that it has been maintained in a
2  confidential, non-public manner, and there is good cause why it should not be part
3  of the public record of this case.

4      C.    ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER
5            SEAL

6      The parties further acknowledge, as set forth in Section 12.3, below, that this
7  Stipulated Protective Order does not entitle them to file confidential information
8  under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed
9  and the standards that will be applied when a party seeks permission from the court
10  to file material under seal.

11      There is a strong presumption that the public has a right of access to judicial
12  proceedings and records in civil cases.  In connection with non-dispositive motions,
13  good cause must be shown to support a filing under seal.  *See Kamakana v. City*
14  *and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen.*
15  *Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony*
16  *Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective
17  orders require good cause showing), and a specific showing of good cause or
18  compelling reasons with proper evidentiary support and legal justification, must be
19  made with respect to Protected Material that a party seeks to file under seal.  The
20  parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL
21  does not—without the submission of competent evidence by declaration,
22  establishing that the material sought to be filed under seal qualifies as confidential,
23  privileged, or otherwise protectable—constitute good cause.

24      Further, if a party requests sealing related to a dispositive motion or trial,
25  then compelling reasons, not only good cause, for the sealing must be shown, and
26  the relief sought shall be narrowly tailored to serve the specific interest to be
27  protected.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir.
28  2010).  For each item or type of information, document, or thing sought to be filed

1   or introduced under seal in connection with a dispositive motion or trial, the party
2   seeking protection must articulate compelling reasons, supported by specific facts
3   and legal justification, for the requested sealing order.  Again, competent evidence
4   supporting the application to file documents under seal must be provided by
5   declaration.

6      Any document that is not confidential, privileged, or otherwise protectable in
7   its entirety will not be filed under seal if the confidential portions can be redacted.
8   If documents can be redacted, then a redacted version for public viewing, omitting
9   only the confidential, privileged, or otherwise protectable portions of the document,
10  shall be filed.  Any application that seeks to file documents under seal in their
11  entirety should include an explanation of why redaction is not feasible.

12  2.  <u>DEFINITIONS</u>

13     2.1 <u>Action</u>:  *Maritza Castrellon v. Fitness Club Management, LLC et al.*,
14  No. 2:17-cv-08825 SJO (Ex).

15     2.2 <u>Challenging Party</u>:  a Party or Non-Party that challenges the
16  designation of information or items under this Order.

17     2.3 <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of
18  how it is generated, stored or maintained) or tangible things that qualify for
19  protection under Federal Rule of Civil Procedure 26(c), and as specified above in
20  the Good Cause Statement.

21     2.4 <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as
22  their support staff).

23     2.5 <u>Designating Party</u>:  a Party or Non-Party that designates information or
24  items that it produces in disclosures or in responses to discovery as
25  "CONFIDENTIAL."

26     2.6 <u>Disclosure or Discovery Material</u>:  all items or information, regardless
27  of the medium or manner in which it is generated, stored, or maintained (including,
28  among other things, testimony, transcripts, and tangible things), that are produced

1   or generated in disclosures or responses to discovery in this matter.

2   2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter

3   pertinent to the litigation who has been retained by a Party or its counsel to serve as

4   an expert witness or as a consultant in this Action.

5   2.8   <u>House Counsel</u>: attorneys who are employees of a party to this Action.

6   House Counsel does not include Outside Counsel of Record or any other outside

7   counsel.

8   2.9   <u>Non-Party</u>: any natural person, partnership, corporation, association or

9   other legal entity not named as a Party to this action.

10   2.10   <u>Outside Counsel of Record</u>: attorneys who are not employees of a

11   party to this Action but are retained to represent or advise a party to this Action and

12   have appeared in this Action on behalf of that party or are affiliated with a law firm

13   that has appeared on behalf of that party, and includes support staff.

14   2.11   <u>Party</u>: any party to this Action, including all of its officers, directors,

15   employees, consultants, retained experts, and Outside Counsel of Record (and their

16   support staffs).

17   2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

18   Discovery Material in this Action.

19   2.13   <u>Professional Vendors</u>: persons or entities that provide litigation

20   support services (e.g., photocopying, videotaping, translating, preparing exhibits or

21   demonstrations, and organizing, storing, or retrieving data in any form or medium)

22   and their employees and subcontractors.

23   2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is

24   designated as "CONFIDENTIAL."

25   2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

26   Material from a Producing Party.

27   3.   <u>SCOPE</u>

28   The protections conferred by this Stipulation and Order cover not only

1  Protected Material (as defined above), but also (1) any information copied or
2  extracted from Protected Material; (2) all copies, excerpts, summaries, or
3  compilations of Protected Material; and (3) any testimony, conversations, or
4  presentations by Parties or their Counsel that might reveal Protected Material.

5       Any use of Protected Material at trial shall be governed by the orders of the
6  trial judge.  This Order does not govern the use of Protected Material at trial.

7  4.    <u>DURATION</u>

8       Even after final disposition of this litigation, the confidentiality obligations
9  imposed by this Order shall remain in effect until a Designating Party agrees
10  otherwise in writing or a court order otherwise directs.  Final disposition shall be
11  deemed to be the later of (1) dismissal of all claims and defenses in this action, with
12  or without prejudice; and (2) final judgment herein after the completion and
13  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,
14  including the time limits for filing any motions or applications for extension of time
15  pursuant to applicable law.

16       Notwithstanding the foregoing, once a case proceeds to trial, information that
17  was designated as CONFIDENTIAL or maintained pursuant to this protective order
18  used or introduced as an exhibit at trial becomes public and will be presumptively
19  available to all members of the public, including the press, unless compelling
20  reasons supported by specific factual findings to proceed otherwise are made to the
21  trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81
22  (distinguishing "good cause" showing for sealing documents produced in discovery
23  from "compelling reasons" standard when merits-related documents are part of
24  court record).  Accordingly, the terms of this protective order do not extend beyond
25  the commencement of the trial.

26  5.    <u>DESIGNATING PROTECTED MATERIAL</u>

27       5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.
28  Each Party or Non-Party that designates information or items for protection under

1   this Order must take care to limit any such designation to specific material that

2   qualifies under the appropriate standards.  The Designating Party must designate for

3   protection only those parts of material, documents, items or oral or written

4   communications that qualify so that other portions of the material, documents,

5   items or communications for which protection is not warranted are not swept

6   unjustifiably within the ambit of this Order.

7        Mass, indiscriminate or routinized designations are prohibited.  Designations

8   that are shown to be clearly unjustified or that have been made for an improper

9   purpose (e.g., to unnecessarily encumber the case development process or to

10   impose unnecessary expenses and burdens on other parties) may expose the

11   Designating Party to sanctions.

12        If it comes to a Designating Party's attention that information or items that it

13   designated for protection do not qualify for protection, that Designating Party must

14   promptly notify all other Parties that it is withdrawing the inapplicable designation.

15        5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

16   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

17   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

18   under this Order must be clearly so designated before the material is disclosed or

19   produced.

20        Designation in conformity with this Order requires:

21        (a)    for information in documentary form (e.g., paper or electronic

22   documents, but excluding transcripts of depositions or other pretrial or trial

23   proceedings), that the Producing Party affix at a minimum, the legend

24   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

25   contains protected material.  If only a portion of the material on a page qualifies for

26   protection, the Producing Party also must clearly identify the protected portion(s)

27   (e.g., by making appropriate markings in the margins).

28        A Party or Non-Party that makes original documents available for inspection

1   need not designate them for protection until after the inspecting Party has indicated

2   which documents it would like copied and produced.  During the inspection and

3   before the designation, all of the material made available for inspection shall be

4   deemed "CONFIDENTIAL."  After the inspecting Party has identified the

5   documents it wants copied and produced, the Producing Party must determine

6   which documents, or portions thereof, qualify for protection under this Order.

7   Then, before producing the specified documents, the Producing Party must affix the

8   "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a

9   portion of the material on a page qualifies for protection, the Producing Party also

10  must clearly identify the protected portion(s) (e.g., by making appropriate markings

11  in the margins).

12          (b)     for testimony given in depositions that the Designating Party

13  identifies the Disclosure or Discovery Material on the record, before the close of

14  the deposition all protected testimony.

15          (c)     for information produced in some form other than documentary

16  and for any other tangible items, that the Producing Party affix in a prominent place

17  on the exterior of the container or containers in which the information is stored the

18  legend "CONFIDENTIAL."  If only a portion or portions of the information

19  warrants protection, the Producing Party, to the extent practicable, shall identify the

20  protected portion(s).

21      5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

22  failure to designate qualified information or items does not, standing alone, waive

23  the Designating Party's right to secure protection under this Order for such

24  material.  Upon timely correction of a designation, the Receiving Party must make

25  reasonable efforts to assure that the material is treated in accordance with the

26  provisions of this Order.

27  6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

28      6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a

1  designation of confidentiality at any time that is consistent with the Court's
2  Scheduling Order.

3        6.2   Meet and Confer.  The Challenging Party shall initiate the dispute
4  resolution process under Local Rule 37.1 et seq.

5        6.3   The burden of persuasion in any such challenge proceeding shall be on
6  the Designating Party.  Frivolous challenges, and those made for an improper
7  purpose (e.g., to harass or impose unnecessary expenses and burdens on other
8  parties) may expose the Challenging Party to sanctions.  Unless the Designating
9  Party has waived or withdrawn the confidentiality designation, all parties shall
10  continue to afford the material in question the level of protection to which it is
11  entitled under the Producing Party's designation until the Court rules on the
12  challenge.

13  7.   ACCESS TO AND USE OF PROTECTED MATERIAL

14        7.1   Basic Principles.  A Receiving Party may use Protected Material that is
15  disclosed or produced by another Party or by a Non-Party in connection with this
16  Action only for prosecuting, defending or attempting to settle this Action.  Such
17  Protected Material may be disclosed only to the categories of persons and under the
18  conditions described in this Order.  When the Action has been terminated, a
19  Receiving Party must comply with the provisions of section 13 below (FINAL
20  DISPOSITION).

21        Protected Material must be stored and maintained by a Receiving Party at a
22  location and in a secure manner that ensures that access is limited to the persons
23  authorized under this Order.

24        7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless
25  otherwise ordered by the court or permitted in writing by the Designating Party, a
26  Receiving Party may disclose any information or item designated
27  "CONFIDENTIAL" only to:

28              (a)   the Receiving Party's Outside Counsel of Record in this Action,

1   as well as employees of said Outside Counsel of Record to whom it is reasonably

2   necessary to disclose the information for this Action;

3         (b)   the officers, directors, and employees (including House

4   Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

5   Action;

6         (c)   Experts (as defined in this Order) of the Receiving Party to

7   whom disclosure is reasonably necessary for this Action and who have signed the

8   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9         (d)   the court and its personnel;

10         (e)   court reporters and their staff;

11         (f)   professional jury or trial consultants, mock jurors, and

12   Professional Vendors to whom disclosure is reasonably necessary for this Action

13   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

14   A);

15         (g)   the author or recipient of a document containing the information

16   or a custodian or other person who otherwise possessed or knew the information;

17         (h)   during their depositions, witnesses, and attorneys for witnesses,

18   in the Action to whom disclosure is reasonably necessary provided: (1) the

19   deposing party requests that the witness sign the form attached as Exhibit 1 hereto;

20   and (2) they will not be permitted to keep any confidential information unless they

21   sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

22   otherwise agreed by the Designating Party or ordered by the court.  Pages of

23   transcribed deposition testimony or exhibits to depositions that reveal Protected

24   Material may be separately bound by the court reporter and may not be disclosed to

25   anyone except as permitted under this Stipulated Protective Order; and

26         (i)   any mediator or settlement officer, and their supporting

27   personnel, mutually agreed upon by any of the parties engaged in settlement

28   discussions.

1  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

2          IN OTHER LITIGATION

3          If a Party is served with a subpoena or a court order issued in other litigation

4  that compels disclosure of any information or items designated in this Action as

5  "CONFIDENTIAL," that Party must:

6          (a)    promptly notify in writing the Designating Party.  Such notification

7  shall include a copy of the subpoena or court order;

8          (b)    promptly notify in writing the party who caused the subpoena or order

9  to issue in the other litigation that some or all of the material covered by the

10  subpoena or order is subject to this Protective Order.  Such notification shall

11  include a copy of this Stipulated Protective Order; and

12          (c)    cooperate with respect to all reasonable procedures sought to be

13  pursued by the Designating Party whose Protected Material may be affected.

14          If the Designating Party timely seeks a protective order, the Party served with

15  the subpoena or court order shall not produce any information designated in this

16  action as "CONFIDENTIAL" before a determination by the court from which the

17  subpoena or order issued, unless the Party has obtained the Designating Party's

18  permission.  The Designating Party shall bear the burden and expense of seeking

19  protection in that court of its confidential material and nothing in these provisions

20  should be construed as authorizing or encouraging a Receiving Party in this Action

21  to disobey a lawful directive from another court.

22  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

23          PRODUCED IN THIS LITIGATION

24          (a)    The terms of this Order are applicable to information produced by a

25  Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

26  produced by Non-Parties in connection with this litigation is protected by the

27  remedies and relief provided by this Order.  Nothing in these provisions should be

28  construed as prohibiting a Non-Party from seeking additional protections.

1        (b)    In the event that a Party is required, by a valid discovery request, to

2  produce a Non-Party's confidential information in its possession, and the Party is

3  subject to an agreement with the Non-Party not to produce the Non-Party's

4  confidential information, then the Party shall:

5        (1)    promptly notify in writing the Requesting Party and the Non-

6  Party that some or all of the information requested is subject to a confidentiality

7  agreement with a Non-Party;

8        (2)    promptly provide the Non-Party with a copy of the Stipulated

9  Protective Order in this Action, the relevant discovery request(s), and a reasonably

10  specific description of the information requested; and

11        (3)    make the information requested available for inspection by the

12  Non-Party, if requested.

13        (c)    If the Non-Party fails to seek a protective order from this court

14  within 14 days of receiving the notice and accompanying information, the

15  Receiving Party may produce the Non-Party's confidential information responsive

16  to the discovery request.  If the Non-Party timely seeks a protective order, the

17  Receiving Party shall not produce any information in its possession or control that

18  is subject to the confidentiality agreement with the Non-Party before a

19  determination by the court.  Absent a court order to the contrary, the Non-Party

20  shall bear the burden and expense of seeking protection in this court of its Protected

21  Material.

22  10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

23        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

24  Protected Material to any person or in any circumstance not authorized under this

25  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

26  writing the Designating Party of the unauthorized disclosures, (b) use its best

27  efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

28  person or persons to whom unauthorized disclosures were made of all the terms of

1   this Order, and (d) request such person or persons to execute the "Acknowledgment
2   and Agreement to Be Bound" that is attached hereto as Exhibit A.

3   11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
4         PROTECTED MATERIAL

5   When a Producing Party gives notice to Receiving Parties that certain
6   inadvertently produced material is subject to a claim of privilege or other
7   protection, the obligations of the Receiving Parties are those set forth in Federal
8   Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify
9   whatever procedure may be established in an e-discovery order that provides for
10  production without prior privilege review. Pursuant to Federal Rule of Evidence
11  502(d) and (e), the production of a privileged or work-product-protected document,
12  whether inadvertent or otherwise, is not a waiver of privilege or protection from
13  discovery in any other federal or state proceeding. Pursuant to Federal Rule of
14  Evidence 502(b), the inadvertent production of a privileged or work-product-
15  protected document, is not a waiver of privilege or protection from discovery in this
16  case.

17  12.   MISCELLANEOUS

18  12.1   Right to Further Relief. Nothing in this Order abridges the right of any
19  person to seek its modification by the Court in the future.

20  12.2   Right to Assert Other Objections. By stipulating to the entry of this
21  Protective Order, no Party waives any right it otherwise would have to object to
22  disclosing or producing any information or item on any ground not addressed in
23  this Stipulated Protective Order. Similarly, no Party waives any right to object on
24  any ground to use in evidence of any of the material covered by this Protective
25  Order.

26  12.3   Filing Protected Material. A Party that seeks to file under seal any
27  Protected Material must comply with Local Civil Rule 79-5. Protected Material
28  may only be filed under seal pursuant to a court order authorizing the sealing of the

1    specific Protected Material at issue.  If a Party's request to file Protected Material

2    under seal is denied by the court, then the Receiving Party may file the information

3    in the public record unless otherwise instructed by the court.

4    13.    <u>FINAL DISPOSITION</u>

5           60 days after the final disposition of this Action, as defined in paragraph 4,

6    each Receiving Party must return all Protected Material to the Producing Party or

7    destroy such material.  As used in this subdivision, "all Protected Material"

8    includes all copies, abstracts, compilations, summaries, and any other format

9    reproducing or capturing any of the Protected Material.  Whether the Protected

10   Material is returned or destroyed, the Receiving Party must submit a written

11   certification to the Producing Party (and, if not the same person or entity, to the

12   Designating Party) by the 60 day deadline that (1) identifies (by category, where

13   appropriate) all the Protected Material that was returned or destroyed and (2)

14   affirms that the Receiving Party has not retained any copies, abstracts,

15   compilations, summaries or any other format reproducing or capturing any of the

16   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

17   archival copy of all pleadings, motion papers, trial, deposition, and hearing

18   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

19   reports, attorney work product, and consultant and expert work product, even if

20   such materials contain Protected Material.  Any such archival copies that contain or

21   constitute Protected Material remain subject to this Protective Order as set forth in

22   Section 4 (DURATION).

23   14.    <u>VIOLATION</u>

24          Any violation of this Order may be punished by appropriate measures

25   including, without limitation, contempt proceedings and/or monetary sanctions.

26   ///

27   ///

28   ///

1              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    Dated:  March 27, 2018          DRINKER BIDDLE & REATH LLP

3

4                               By: /s/ Zoë K. Wilhelm

5                                   Sheldon Eisenberg
                                   Michael J. Stortz

6                                   Zoë K. Wilhelm
                                  Marshall L. Baker

7                               Attorneys for Defendants
                              FITNESS CLUB MANAGEMENT, LLC,

8                               HARMAN FITNESS, LLC and VAN
                              NUYS FITNESS, LLC

9

10

11    Dated:  March 27, 2018          JAURIGUE LAW GROUP
                              HEKMAT LAW GROUP

12

13                               By: /s/ David Zelenski

14                                   Michael J. Jaurigue
                                  Abigail A. Zelenski

15                                   David Zelenski
                                  Joseph M. Hekmat

16                               Attorneys for Plaintiff
                              MARITZA CASTRELLON

17

18

19

20    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

21    DATED:  3/27/18

22                                       Hon. Charles F. Eick
                                      U.S. Magistrate Judge

23

24

25

26

27

28

## ATTESTATION

The filer of this document hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  March 27, 2018

DRINKER BIDDLE & REATH LLP

By: /s/ Zoë K. Wilhelm
      Sheldon Eisenberg
      Michael J. Stortz
      Zoë K. Wilhelm
      Marshall L. Baker

Attorneys for Defendants
FITNESS CLUB MANAGEMENT, LLC,
HARMAN FITNESS, LLC and VAN
NUYS FITNESS, LLC

## EXHIBIT A
### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Maritza Castrellon v. Fitness Club Management, LLC et al.*, No. 2:17-CV-08825 SJO (Ex). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____