Michael J. Jaurigue (SBN 208123)
JAURIGUE LAW GROUP
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: (818) 630-7280
Facsimile**:** (888) 879-1697
michael@jlglawyers.com

Joseph M. Hekmat (SBN 265229)
jhekmat@hekmatlaw.com
HEKMAT LAW GROUP
11111 Santa Monica Boulevard, Suite 1700
Los Angeles, California 90025
Telephone: 424.888.0848
Facsimile: 424.270.0242

*Attorneys for Plaintiff Maritza Castrellon*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARITZA CASTRELLON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FITNESS CLUB MANAGEMENT, LLC., a California limited liability company; *et al.*,<br><br>Defendants. | Case No. 2:17-cv-08825 SJO (Ex)<br><br>*Assigned to Hon. Charles F. Eick for Discovery*<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>Hearing Date: March 8, 2019<br>Hearing Time: 9:30 a.m.<br>Location: Roybal Federal Building and<br>    United States Courthouse<br>    255 East Temple Street<br>    Courtroom 750, 7th Floor<br>    Los Angeles, CA 90012<br><br>Pre-Trial Conf: December 9, 2019<br>Trial Date:    December 16, 2019<br>Discovery Cut-Off: October 7, 2019 |

## I. INTRODUCTION.

Despite Plaintiff Maritza Castrellon's ("Plaintiff") detailed contentions explaining why Defendants should be ordered to provide supplemental responses to Plaintiff's Interrogatories (Set One), Requests for Production (Set One), and Requests for Admissions (Set One), including electronically stored information ("ESI"), Defendants have failed to meaningfully contest any of Plaintiff's arguments. Instead of responding to Plaintiff's specific arguments detailing why Defendants' responses are insufficient and their objections are invalid, Defendants simply repeated the same vague response throughout, claiming that "Plaintiffs' [sic] complaints are contradicted…" and that the discovery requests are overly broad. Defendants then argue that that the Court need not rule on the pressing discovery issues because it should first determine whether a stay is warranted pending the Ninth Circuit's decision in *Marks v. Crunch San Diego, LLC.,* No. 14-56834 (9th Cir. Argued Dec 6. 2016) and/or FCC action.

Defendants should be ordered to provide supplemental responses as outlined in the Joint Stipulation Regarding Plaintiff's Motion to Compel Discovery as a stay is not warranted and Defendants have failed to provide any legal basis for denying the motion to compel. As explained below, Defendants' arguments fail to excuse their refusal to produce essential documents and provide responses which are necessary for Plaintiff to prepare her case against Defendants.

## II. PLAINTIFF IS ENTITLED TO THE DISCOVERY AT ISSUE

Simply stated, Defendants' timeline attempts to misconstrue the issue at hand which is simple: Defendants have failed to supplement their discovery responses as agreed to in April 2018. Plaintiff propounded Interrogatories (Set One), Requests for Production (Set One), and Requests for Admissions (Set One), and upon review of Defendants' responses, Plaintiff engaged in efforts to meet and confer with Defendants about the deficient responses. (Declaration of Michael Jaurigue ("Jaurigue Decl.") ¶¶ 5-7, Exhibits A, D)[1]. During the meet and confer process, Defendants agreed to produce relevant documents and provide supplement responses to the Interrogatories, Requests for Production and Requests for Admissions. (Jaurigue Decl., ¶ 7;

---

[1] All references to the Declaration of Michael Jaurigue refer to Mr. Jaurigue's declaration that was submitted with the parties Joint Stipulation Regarding Motion to Compel Discovery Responses.

Exhibits E, F). Defendants' supplemental responses and all responsive documents (including those gathered by way of an ESI search) were initially due by May 21, 2018, but Plaintiff later extended Defendants' due date to June 1, 2018. (Jaurigue Decl., ¶ 8; Exhibits G-H). When no supplemental responses were produced, Plaintiff continued to engage in good faith meet and confer discussions in an attempt to determine the status of Defendants' promised supplemental discovery responses and documents. (Jaurigue Decl., ¶ 9; Exhibit I). However, despite their promises, Defendants failed to provide any supplemental responses or documents. (Jaurigue Decl., ¶ 10). After the imposed stay was lifted, Plaintiff again reminded Defendants of their obligation to provide supplemental responses and produce documents by December 7, 2018. (Jaurigue Decl., ¶ 11; Exhibit J). To date, Defendants have failed to supplement their written responses and document production as they agreed to do in April 2018. (Jaurigue Decl., ¶ 12)

Defendants now seek to continue their delay tactics by refusing to produce the supplemental responses. Defendants only substantive arguments, which are repeated throughout the Joint Stipulation, are that "many of the practices of which Plaintiff complains . . . is not only standard litigation practice, but a practice that she herself engaged in when responding to Defendants' discovery requests" and that "Plaintiff broadly seeks documents and information regarding 'Crunch Fitness' when she alleges that she received text messages pertaining to a single Crunch Fitness franchise, Van Nuys Fitness, LLC." (See Joint Stip. at pg. 5-6). Such vague arguments are insufficient to address the detailed factual and legal arguments set forth by Plaintiff concerning the deficiencies in Defendants' discovery responses. Further, Defendants completely ignore the fact that they have already agreed, back in April 2018, to provide supplemental written responses and produce responsive documents. Instead, Defendants have attempted to divert the Court's attention by arguing that a potential stay trumps the critical discovery issues.

### III. A MOTION TO STAY IS NOT WARRANTED.

Defendants contend that Plaintiff's Motion to Compel Discovery Responses should not be entertained at the present time because impending FCC and/or Supreme Court actions might impact the automatic telephone dialing system ("ATDS") issues in this case. As explained in

greater detail in Plaintiff's Opposition to Defendants' Motion to Stay, Defendants' speculative scenarios are not sufficient to meet Defendants' burden of establishing the need for a stay. First, staying the action would prejudice Plaintiff immensely, as a stay of this case will be of indeterminate length because no one knows when or if the Supreme Court will decide *Marks v. Crunch San Diego, LLC* No. 14-56834 (9th Cir.), and no one knows when the FCC will issue an order, or even if it will ever do so. Second, regardless of the Ninth Circuit or FCC's interpretation of what constitutes an ATDS, Plaintiff will need to conduct discovery to obtain the information necessary for this Court to determine whether Defendants' equipment falls under the adopted definition of an ATDS, and whether Plaintiff consented to receive text messages. As such, any potential ruling would not even have a possible effect on this case until after discovery has ended. Moreover, even if the FCC eventually issues guidance on the issues raised by Defendants here, which it may not, such guidance ***would not apply retroactively to the pending litigation***.

While there is no question that Plaintiff would experience substantial harm if a stay were granted as a result of the natural destruction of evidence and the speculative, but likely extensive delay, Defendants have failed to set forth a single case of hardship or inequity that it would suffer if the case moves forward. Defendants' speculation about what may or may not occur and when, is not a sufficient basis for this Court to grant the extraordinary remedy of a stay. Granting a stay here would essentially open the door to an indefinite stay of this case, based on Defendants' prediction of the occurrence of an exceedingly unlikely chain of events that, even in the remote chance they were to occur, would have little bearing on this case.

For the reasons articulated herein (and further detailed in Plaintiff's Opposition to Defendants' Motion to Stay), Defendants' efforts to stay the case should be denied.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion to

compel and order Defendants to provide supplement responses and produce relevant documents, as outlined in the Joint Stipulation regarding Motion to Compel Responses to Discovery.

Dated: February 22, 2019                              __/s/ Michael Jaurigue_____
**JAURIGUE LAW GROUP**
Michael J. Jaurigue
Attorneys for Plaintiff
MARITZA CASTRELLON